*EXHIBIT A*



# Service of Process Transmittal
10/28/2020
CT Log Number 538480866

**TO:** Kim Lundy Service Of Process
Walmart Inc.
702 SW 8TH ST
BENTONVILLE, AR 72716-6209

**RE:** Process Served in Michigan

**FOR:** WALMART INC. (Domestic State: DE)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| TITLE OF ACTION: | Barnett Carl, Pltf. vs. Walmart, Inc., etc., Dft. |
| DOCUMENT(S) SERVED: | Summons, Complaint, Demand |
| COURT/AGENCY: | Wayne County - 3rd Circuit Court, MI<br>Case # 20013861NO |
| NATURE OF ACTION: | Personal Injury - Slip/Trip and Fall - 04/28/2020 - 5851 Mercury Drive, Dearborn, MI. |
| ON WHOM PROCESS WAS SERVED: | The Corporation Company, Plymouth, MI |
| DATE AND HOUR OF SERVICE: | By Process Server on 10/28/2020 at 11:16 |
| JURISDICTION SERVED: | Michigan |
| APPEARANCE OR ANSWER DUE: | Within 21 days after receipt |
| ATTORNEY(S) / SENDER(S): | Jennifer G. Damico<br>Buckfire Law Firm<br>29000 Inkster Road<br>Suite 150<br>Southfield, MI 48034<br>248-569-4646 |
| ACTION ITEMS: | CT has retained the current log, Retain Date: 10/29/2020, Expected Purge Date: 11/03/2020<br><br>Image SOP<br><br>Email Notification, Kim Lundy Service Of Process  ctlawsuits@walmartlegal.com |
| SIGNED:<br>ADDRESS: | The Corporation Company<br>1999 Bryan St Ste 900<br>Dallas, TX 75201-3140 |
| For Questions: | 877-564-7529<br>MajorAccountTeam2@wolterskluwer.com |

Page 1 of 1 / SP

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.

| Approved, SCAO | Original - Court<br>1st Copy- Defendant | 2nd Copy - Plaintiff<br>3rd Copy -Return |
|---|---|---|

| STATE OF MICHIGAN<br>THIRD JUDICIAL CIRCUIT<br>WAYNE COUNTY | SUMMONS | CASE NO.<br>20-013861-NO<br>Hon. Muriel Hughes |
|---|---|---|

Court address : 2 Woodward Ave., Detroit MI 48226                                    Court telephone no.: 313-224-2415

**Plaintiff's name(s), address(es), and telephone no(s)**
Barnett, Carl

v

**Defendant's name(s), address(es), and telephone no(s).**
Walmart, Inc., d/b/a Walmart

**Plaintiff's attorney, bar no., address, and telephone no**

Jennifer G. Damico 51403
29000 Inkster Rd Ste 150
Southfield, MI 48034-1100

**Instructions:** Check the items below that apply to you and provide any required information. Submit this form to the court clerk along with your complaint and, if necessary, a case inventory addendum (form MC 21). The summons section will be completed by the court clerk.

**Domestic Relations Case**
☐ There are no pending or resolved cases within the jurisdiction of the family division of the circuit court involving the family or family members of the person(s) who are the subject of the complaint.
☐ There is one or more pending or resolved cases within the jurisdiction of the family division of the circuit court involving the family or family members of the person(s) who are the subject of the complaint. I have separately filed a completed confidential case inventory (form MC 21) listing those cases.
☐ It is unknown if there are pending or resolved cases within the jurisdiction of the family division of the circuit court involving the family or family members of the person(s) who are the subject of the complaint.

**Civil Case**
☐ This is a business case in which all or part of the action includes a business or commercial dispute under MCL 600.8035
☐ MDHHS and a contracted health plan may have a right to recover expenses in this case. I certify that notice and a copy of the complaint will be provided to MDHHS and (if applicable) the contracted health plan in accordance with MCL 400.106(4).
☐ There is no other pending or resolved civil action arising out of the same transaction or occurrence as alleged in the complaint.
☐ A civil action between these parties or other parties arising out of the transaction or occurrence alleged in the complaint has

been previously filed in ☐ this court, ☐ _____ Court,

where it was given case number _____ and assigned to Judge _____.

The action ☐ remains ☐ is no longer pending.

Summons section completed by court clerk.           **SUMMONS**

**NOTICE TO THE DEFENDANT:** In the name of the people of the State of Michigan you are notified:
1. You are being sued.
2. **YOU HAVE 21 DAYS** after receiving this summons and a copy of the complaint to **file a written answer with the court** and serve a copy on the other party **or take other lawful action with the court** (28 days if you were served by mail or you were served outside this state).
3. If you do not answer or take other action within the time allowed, judgment may be entered against you for the relief demanded in the complaint.
4. If you require special accommodations to use the court because of a disability or if you require a foreign language interpreter to help you fully participate in court proceedings, please contact the court immediately to make arrangements.

| Issue date<br>10/21/2020 | Expiration date*<br>1/20/2021 | Court clerk<br>Carlita McMiller |
|---|---|---|

Cathy M. Garrett- Wayne County Clerk.

*This summons is invalid unless served on or before its expiration date. This document must be sealed by the seal of the court.

MC 01 (9/19)           SUMMONS           MCR 1.109(D), MCR 2.102(B), MCR 2.103, MCR 2.104, MCR 2.105

STATE OF MICHIGAN

IN THE CIRCUIT COURT FOR THE COUNTY OF WAYNE

CARL BARNETT,

        Plaintiff,                                            Case No.: 20-    -NO

                                                           Hon.:

vs.

WALMART, INC., d/b/a WALMART,

        Defendant.

_____/

JENNIFER G. DAMICO P51403
BUCKFIRE LAW FIRM
Attorneys for Plaintiff
29000 Inkster Road, Ste. 150
Southfield, MI 48034
(248) 569-4646/ fax: (248) 281-1886
jennifer@buckfirelaw.com

_____/

## COMPLAINT

There is no other civil action between these parties arising out of the same transaction or occurrence as alleged in this complaint pending in this court, nor has any such action been previously filed and dismissed or transferred after having been assigned to a judge, nor do I know of any other civil action, not between these parties, arising out of the same transaction or occurrence as alleged in this complaint that is either pending or was previously filed and dismissed, transferred or otherwise disposed of after have been assigned to a judge in the court.

                                     /S/ Jennifer G. Damico P-51403

NOW COMES Plaintiff, CARL BARNETT, by and through his attorneys, BUCKFIRE LAW FIRM, and for his Complaint against Defendant, states as follows:

### COMMON ALLEGATIONS

1.        That the Plaintiff, CARL BARNETT ("Plaintiff"), is a resident of the City of Detroit, County of Wayne, State of Michigan.

00656078

2. That, Defendant WALMART, INC., d/b/a WALMART ("Walmart" or "Defendant") is a Delaware corporation, with its principal place of business located in Bentonville, Arkansas, regularly and systematically conducts business in Wayne County, State of Michigan. At the time of the incident complained of, Defendant either owned, possessed, managed, serviced and/or exercised control of the premises commonly known as Walmart, located at 5851 Mercury Drive, Dearborn, Michigan

3. That at all times, Defendant, Walmart, by its officers, agents, and employees, expressly and by implication, invited the public, including the Plaintiff, generally, to access its store as customers or patrons and invited said customers or patrons to purchase products sold by said Defendant.

4. That the amount in controversy, exclusive of interest, costs, and attorney's fees, exceeds Twenty-Five Thousand ($25,000.00) Dollars.

## COUNT I – PREMISES LIABLITY

5. That the Plaintiff realleges and reincorporates paragraphs 1 through 4 as though fully set forth herein.

6. That on or about April 28, 2020, Plaintiff accepted Defendant's aforementioned invitation to be a customer and was lawfully at Walmart located at 5851 Mercury Drive, Dearborn, MI.

7. That at said time, Plaintiff was just outside of the Garden Center loading up bags of mulch.

8. That at there were several wooden pallets contained bags of mulch stacked on the pallets outside of the gates leading into the Garden Center.

9. That Plaintiff selected a bag of mulch off of a pallet that was waist-level.

10. That the pallet adjacent to the one where Plaintiff selected his bag of mulch contained bags of mulch stacked approximately 8 feet high.

11. As Plaintiff took bag of mulch from the pallet that was stacked waist high, a bag of mulch fell from the 8 foot- high stacked pallet hitting him on the head, neck, back and shoulders and causing him to fall to the ground.

12. In selecting his bag of mulch, Plaintiff did not strike, touch, disturb or otherwise make contact with the 8-foot high stacked pallet of bag of mulch.

13. As a result of Defendant's improper "top stocking" of the bags of mulch, and other acts and omissions amounting to negligence as more fully explained herein, Plaintiff suffered serious and debilitating injuries and damages.

14. That, as Plaintiff was a lawful customer of Walmart, Defendant had a duty to provide a safe environment and exercise due care with respect to lawful customers of Walmart so as to prevent injury to said customers and are liable for any injury to their lawful customers caused by their negligence or that of their employees, agents or representatives.

15. That Defendant, Walmart, by its officers, agents, and employees was then and there guilty of negligence, and that it breached a duty of care to Plaintiff and caused injuries to Plaintiff.

16. That the Defendant had a duty to Plaintiff as an invitee, to inspect for dangerous conditions and to warn Plaintiff and of dangerous conditions of which it knew or should have known, or of dangerous conditions it created.

17. That the dangerous condition on the premises, the pallet stacked approximately 8-feel height with bags of heavy mulch, over the Plaintiff's head, was not an open and obvious condition for which an ordinary person of average intelligence would discovery upon causal

inspection and avoid the hazard.

18. Defendant, Walmart, was clearly on notice of the dangers of falling top-stocked merchandise based upon prior litigation and sizeable settlements.

19. That all times herein, the Defendant, Walmart, owed a duty of care to the Plaintiff, and not withstanding said duty of care owed to Plaintiff, the Defendant, Walmart, breached said duties, including but not limited to, the following acts of negligence and/or omissions:

    a. Failing to use due care that was owed to Plaintiff;

    b. Failing to provide a safe environment to its customers;

    c. Failing to properly stock the pallets with bags of mulch by stacking them too high and/or improperly aligning them so that it was foreseeable that they would fall and injure a patron;

    d. Failing to properly train employees on how to properly stock pallets with bags of mulch to ensure that they were not stacked to high and/or improperly aligned them so that it was foreseeable that they would fall and injure a patron;

    e. Failing to properly train its employees on the foreseeable risks and dangers of "top stock" injuries;

    f. Failing to routinely inspect the premises for hazardous conditions that are likely to cause serious harm if not corrected;

    g. Failing to properly supervise employees when stocking and inspecting merchandise;

    h. Failing to diminish or remedy a dangerous condition on the premises when

        it knew or should have known that such condition created an unreasonable risk of injury to Plaintiff;

    i.    Failing to enact and enforce suitable safety standards;

    j.    Creating a dangerous condition for Plaintiff;

    k.    Violating its own policies, procedures, local ordinances and/or building codes; and

    l.    Other acts of negligence to be determined through discovery.

20.    That as a direct and proximate result of the negligence of Defendant, Walmart, the Plaintiff suffered severe, painful and permanent injuries to his person and body, and or an aggravation of pre-existing conditions, including, but not limited to a traumatic brain injury, post concussive headaches, back and knee injuries, psychological injuries and other injuries to his body and any and all damages which proofs may show.

21.    That said injuries will cause and will continue to cause the Plaintiff to suffer pain, disfigurement, discomfort and mental anguish, and have deprived him of many of the normal activities of life.

22.    As a further direct and proximate result of the aforementioned acts and omission of the Defendant, its employees, agents or representatives, Plaintiff has suffered and will continue to suffer pain, humiliation, embarrassment, mental anguish, fright, shock, disability, loss of enjoyment of life, deprivation of many of the activities of her normal life, disfigurement, gross indignity and inconvenience because of the permanent nature of said injuries; he has suffered or may yet suffer aggravation or activation of a pre-existing condition.

23.    That as a result of the Plaintiff's injuries, he has been compelled to seek medical treatment and will incur medical expenses and will continue to do so in the future.

24. That, in addition, as a result of Plaintiff's injuries he has been unable to engage in gainful employment, and has suffered lost wages and other economic damages.

25. That said injuries have caused, and will continue to cause the Plaintiff to suffer economic losses, including, but not limited to, medical expenses and lost wages.

**WHEREFORE**, Plaintiff prays for a Judgment against the Defendant, Walmart, for actual and consequential damages in whatever amount in excess of Twenty-Five Thousand Dollars ($25,000.00) he is deemed to be entitled by this Honorable Court and/or Jury, together with costs, interest, and attorney fees.

BUCKFIRE & BUCKFIRE, P.C.

By: /s/ Jennifer G. Damico

JENNIFER G. DAMICO P51403
Attorney for Plaintiff
29000 Inkster Road, Ste. 150
Southfield, MI 48034
(248) 569-4646

Dated: October 22, 2020

00656078

STATE OF MICHIGAN

IN THE CIRCUIT COURT FOR THE COUNTY OF WAYNE

CARL BARNETT,

    Plaintiff,                              Case No.: 20-    -NO
                                                  Hon.:

vs.

WALMART, INC., d/b/a WALMART,

    Defendant.
_____/

JENNIFER G. DAMICO P51403
BUCKFIRE LAW FIRM
Attorneys for Plaintiff
29000 Inkster Road, Ste. 150
Southfield, MI 48034
(248) 569-4646/ fax: (248) 281-1886
jennifer@buckfirelaw.com

_____/

## JURY DEMAND

Plaintiff, CARL BARNETT, by and through his attorneys, BUCKFIRE LAW FIRM, hereby demands a trial by jury.

                                                      BUCKFIRE & BUCKFIRE, P.C.

                                                    By: /s/ Jennifer G. Damico

                                                    JENNIFER G. DAMICO P51403
                                                    Attorney for Plaintiff
                                                    29000 Inkster Road, Ste. 150
                                                    Southfield, MI 48034
                                                    (248) 569-4646

Dated: October 22, 2020

00656114